# Girvin, Appellant, *v.* Union Trust Company.

*Contract—Deed—Escrow.*

Where a trust company receives a deed in escrow to deliver it upon the receipt of a portion of the stock of a new corporation, which stock is the consideration for the deed, and the trust company assumes no responsibility as to the organization of the new corporation, and the grantor accepts the stock and gives a receipt in full settlement of the consideration named in his agreement with the promoter of the corporation, and the trust company is guilty of no neglect or fraud, it cannot be held liable to the grantor for a loss resulting from the depreciation in the value of the stock for which the deed was delivered.

Argued Jan. 12, 1909. Appeal, No. 257, Jan. T., 1908, by plaintiff, from judgment of C. P. No. 3, Phila. Co., Sept. T., 1905, No. 2,257, on verdict for defendant in case of John E. Girvin and Charles R. Koch, copartners trading under the firm name of P. B. Mingle & Company, v. The Union Trust Company. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Affirmed.

Assumpsit for breach of an agreement. Before McMICHAEL, P. J.

At the trial it appeared that the defendant received from the plaintiff the deed of a mill property to be held in escrow until a new corporation was organized, when the deed was to be delivered to the new company upon receipt from it for a portion of its stock. The transaction was completed and the defendant received from the plaintiff the following receipt:

"Received April 20, 1901, certificate No. 14 for 400 shares of common stock and number 49 for 500 shares of preferred stock of the Eastern Milling & Export Company in full settlement of consideration named in above agreement."

There was no evidence that the company had assumed any responsibility for the organization of the new corporation, or that it had been guilty of any neglect or fraud.

The court gave binding instructions for defendant.

*Error assigned* among others was in giving binding instructions for defendant.

*R. W. Woods*, with him *L. M. Schoch*, for appellant.

*James Collins Jones*, for appellee.

OPINION BY MR. JUSTICE BROWN, October 11, 1909:

These appellants were caught in the same net that enmeshed the appellant in the preceding case.  When they received the stock which they had agreed to accept for their property they gave a receipt for the same as being in full settlement of the consideration named in their agreement with Jackson. In the judgment of the learned trial judge there was no sufficient evidence offered to set aside this receipt, nor was there proof of the failure of the appellee to perform any duty which it owed to the appellants.  Our examination of the evidence has led us to the same conclusion, which would not be changed if any of the excluded offers had been admitted.  The details of the case are of interest only to the parties to it, and a recital of them here is not needed.  The twenty-nine assignments of error are overruled, and, for the reasons given by the court in directing a verdict for the defendant, the judgment on it is affirmed.